1

2

3

4

5

6

7

8                         **UNITED STATES DISTRICT COURT**

9                         **EASTERN DISTRICT OF CALIFORNIA**

10

11   HUSSEIN ALI,                          **Case No. 1:16-cv-01743-DAD-EPG**

12              Plaintiff,                  **FINDINGS AND RECOMMENDATIONS**
                                            **REGARDING PLAINTIFF'S MOTION TO**
13         v.                              **PROCEED IN FORMA PAUPERIS**

14   HUDSON INSURANCE COMPANY;            (ECF No. 2)
     AMERICAN SAFETY CASUALTY
15   INSURANCE COMPANY; AEGIS
     SECURITY INSURANCE COMPANY;
16   and PHILADELPHIA INDEMNITY
     INSURANCE COMPANY,
17
                Defendants.
18

19         Plaintiff Hussein Ali, proceeding *pro se*, filed an application to proceed *in forma pauperis*

20   ("IFP") on November 17, 2016. (ECF No. 2.) For the reasons that follow, the Court

21   RECOMMENDS that Plaintiff's application be DENIED.

22         An action may proceed despite a plaintiff's failure to prepay a filing fee only if the

23   plaintiff is granted leave to proceed IFP under 28 U.S.C. § 1915(a). To receive such leave, a

24   plaintiff must submit an affidavit showing his or her inability to pay the requested fees. 28 U.S.C.

25   § 1915(a); *O'Laughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990). A demonstration of inability to

26   pay requires that a plaintiff show that he or she "cannot because of poverty pay or give security

27   for the costs and still be able to provide himself and dependents with the necessities of life."

28   *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The determination whether a

                                            1

party can proceed IFP is a "matter within the discretion of the trial court and in civil actions for damages should be allowed only in exceptional circumstances." *Schweitzer v. Scott*, 469 F.Supp. 1017, 1019 (C.D. Cal. 1979), *quoting Weller v. Dickinson*, 314 F.2d 598, 600 (9th Cir. 1963); *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("court permission to proceed in forma pauperis is itself a matter of privilege and not right; denial of in forma pauperis status does not violate the applicant's right to due process").

In examining an application for IFP status, "even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F.Supp. 848, 850 (D. R.I. 1984) ("petitioners with modest cash reserves are not paupers within the intendment of 28 U.S.C. § 1915(a) for the purpose of filing fees, initial service of process costs and the like"). A claim is 'frivolous' when it is without 'basis in law or fact,' and 'malicious' when it is 'filed with the intention or desire to harm another.'" *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). A finding of frivolity in this context is equivalent to finding a lack of good faith. *Id.* at 1110. A lack of good faith can be inferred where "plaintiffs seek to exploit the court system solely for delay or to vex defendants." *Vega v. JPMorgan Chase Bank, N.A.*, 654 F.Supp.2d 1104, 1121 (E.D. Cal. 2009). The Court may consider "the records and files of the court or other material properly noticed by the court" to evaluate whether a claim is frivolous. *Franklin*, 745 F.2d at 1231.

In this instance, the Court takes judicial notice of *Ali v. Hudson Insurance Company et al.*, Case No. 1:16-cv-00409-DAD-EPG ("*Ali I*"), which alleges claims against no less than 16 separate defendants, including the defendants in the present case.[1] The docket of *Ali I* reflects that the Defendants in this case were voluntarily dismissed from *Ali I* by Plaintiff on July 13, 2016 and August 18, 2016. The complaint in *Ali I* appears to be substantially similar to the complaint in this case, in that both allege that Plaintiff loaned a sum of money to two individuals, did not

---

[1] The Court may take judicial notice "of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2006), *quoting United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

receive repayment from those individuals, and assert a host of claims against those individuals, as well as a number of other defendants that are even tangentially related to those individuals. The defendants in the present case allegedly provided bonds or insured property owned by the corporate defendants associated with the two individuals. Plaintiff appears to have dismissed the insurance company defendants shortly after motions to dismiss were filed on their behalf in *Ali I*.

The Court also takes judicial notice of a case in Fresno County Superior Court, *Ali v. Jawad et al.*, Case No. 14 CE CG 03594 ("*Ali II*"), which included claims against Defendants Hudson Insurance Company, American Safety Casualty Insurance Company, and Aegis Security Insurance Company, among a dozen other defendants. The claims *Ali II* appear to arise out of the same set of facts. The claims against Defendants Hudson Insurance Company, American Safety Casualty Insurance Company, and Aegis Security Insurance Company in *Ali II* were dismissed without leave to amend by the court on June 1, 2015. The initial complaint in *Ali I* was filed shortly thereafter, on June 30, 2015.

The Court thus finds that the Complaint in this action is not filed in good faith and has been filed to delay proceedings and harass the Defendants. While the Court does not reach the merits of any of Plaintiff's allegations at this point in time, it can determine based on these facts that Plaintiff is not entitled to proceed without prepayment of the $400 filing fee. Very little suggests that this case should fall within the "exceptional circumstances" justifying IFP status.

Based on the foregoing, the Court RECOMMENDS that:

1. Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2) be DENIED; and,

2. Plaintiff be required to submit the filing fee of $400.

These findings and recommendations will be submitted to the United States District Judge assigned to this case pursuant to the provisions of Title 28 of the United States Code section 636(b)(1). Within **fourteen (14)** days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

\\\

\\\

1    The parties are advised that failure to file objections within the specified time may waive

2    the right to appeal the District Court's order. *Bastidas v. Chappell*, 791 F.3d 1155, 1159 (9th Cir.

3    2015).

4

5    IT IS SO ORDERED.

6    Dated:   **December 12, 2016**                    /s/ Erica P. Grosjean

7                                                      UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28